NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 08-2661

———

GAMINI KEERTHRTNAE KURUKULASURIYA,
Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

———

On Petition for Review of an Order
of the Board of Immigration Appeals
(No. A97-521-313)
Immigration Judge:  Honorable Margaret R. Reichenberg

———

Submitted Under Third Circuit LAR 34.1(a)
February 11, 2010

Before: SLOVITER, ROTH and TASHIMA,[*] Circuit Judges

(Filed: July 21, 2010)

———

OPINION

———

_____

[*]  Hon. A. Wallace Tashima, Senior Judge, United States
Court of Appeals for the Ninth Circuit, sitting by designation.

TASHIMA, Circuit Judge.

Gamini Keerthrtnae Kurukulasuriya ("Kurukulasuriya"), a native of Sri Lanka, petitions for review of the May 12, 2008, decision of the Board of Immigration Appeals ("BIA"), dismissing Kurukulasuriya's appeal of the denial of his applications for asylum, withholding of deportation, and protection under the Convention Against Torture ("CAT").

I.

Kurukulasuriya entered the United States without a valid entry document and was placed in removal proceedings. He conceded that he was removable; however, he sought political asylum, withholding of removal, and protection under CAT. At his hearing before an Immigration Judge, Kurukulasuriya testified that his brother, Kurukulasooriya Lakshman ("Lakshman"), was working at a lodge in Sri Lanka when he developed a relationship with a Tamil guest. Kurukulasuriya alternately referred to this guest as Lakshman's close friend, girlfriend, and fiancé. When questioned regarding this inconsistency, Kurukulasuriya first stated that Lakshman was not planning on marrying the woman but eventually changed his testimony to say that she was Lakshman's fiancé.

Kurukulasuriya further testified that after a routine check at the lodge, the army arrested several Tamils, including Lakshman's fiancé. The army subsequently found pictures of the two of them together and arrested Lakshman as well, accusing Lakshman of helping the Liberation Tigers of Tamil Eelam ("LTTE"). When Kurukulasuriya

2

learned of Lakshman's arrest, he went to the army camp and paid a bribe in exchange for Lakshman's temporary release. The officer in charge informed Kurukulasuriya that he would need to produce Lakshman to the army regularly following his release.

After Lakshman's initial visit to the army, however, Lakshman fled and Kurukulasuriya was forced to pay the army a monthly bribe to avoid being arrested himself. Eventually, Kurukulasuriya ran out of money and stopped paying the bribe. Members of the army then threatened to arrest him, accusing him of being a LTTE supporter. Kurukulasuriya joined Lakshman in hiding. Kurukulasuriya's wife, however, refused to flee.

After initially claiming that his wife did not report the army's threats to the police, Kurukulasuriya testified that his wife reported the threats to both the police and army officials. Shortly after she reported the threats, her body was discovered floating in a river.

Based on a finding that Kurukulasuriya lacked credibility, the IJ denied all relief. Kurukulasuriya appealed this decision to the BIA, and, on March 29, 2006, the BIA dismissed the appeal. Kurukulasuriya then filed a motion for reconsideration with the BIA, which was denied. Kurukulasuriya filed a petition for review with this court, and we remanded the case for the Board to reconsider its March 29, 2006 decision. On remand, the BIA again dismissed Kurukulasuriya's appeal in its decision of May 12, 2008.

**II.**

We have jurisdiction to review the BIA's final order of removal pursuant to 8 U.S.C. § 1252(a). We review the BIA's factual determinations for substantial evidence and its legal conclusions de novo. *Lin-Zheng v. Attorney Gen.*, 557 F.3d 147, 155 (3d Cir. 2009) (en banc). Under the substantial evidence standard of review, factual determinations must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (citations omitted). Where, as here, the BIA substantially relies on the findings of the IJ, we review the decisions of both the BIA and the IJ. *See Xie v. Ashcroft*, 359 F.3d 239, 242 (3d Cir. 2004).

**III.**

An alien may establish eligibility for asylum by providing credible evidence of either past persecution or a well-founded fear of future persecution on account of a statutorily enumerated ground. *Espinosa-Cortez v. Attorney Gen.*, 607 F.3d 101, 107 (3d Cir. 2010); *see also* INA § 208(b)(1)(B). The protected ground must constitute at least one central reason for persecuting the applicant. *Espinosa-Cortez*, 607 F.3d at 108.

We conclude that Kurukulasuriya is ineligible for asylum or withholding of deportation because the IJ's adverse credibility determination is supported by substantial evidence in the record. As the BIA held, the IJ properly based his adverse credibility determination on Kurukulasuriya's inconsistencies regarding the relationship between his brother and the Tamil woman, whether his wife informed police of the threats from army

4

officers, and other inconsistencies. Kurukulasuriya's argument that the BIA improperly addressed the adverse credibility determination on remand is unavailing. This court previously remanded Kurukulasuriya's case to the BIA to reconsider its March 1, 2006, decision dismissing Kurukulasuriya's appeal. As the remand order was not limited in scope, the BIA was free to reconsider all aspects of its earlier decision.

Moreover, even if Kurukulasuriya's testimony is taken as credible, he has not adequately established that he would face persecution for which his political opinion is "one central reason." *See Espinosa-Cortez*, 607 F.3d at 108. Substantial evidence supports the BIA's finding that political opinion was not a central motivation for the army officers who threatened Kurukulasuriya. Rather, the officers were motivated by financial gain and criminal extortion – both unprotected grounds for persecution. Although the BIA improperly referred to the subordinate nature of political opinion as a motivation for persecuting Kurukulasuriya, this error was harmless because the BIA also stated that Kurukulasuriya's political opinion was incidental to his alleged persecution and not *a* central motivation. *See Ndayshimiye v. Att'y Gen.*, 557 F.3d 124, 129-31 (3d Cir. 2009).

Kurukulasuriya also argues that his membership in the particular social group consisting of his family subjected him to persecution. However, the BIA found that he had waived this argument by failing to raise it before the IJ, and Kurukulasuriya has not provided any support for his contention that this finding was improper. In any event, Kurukulasuriya's claim that he was persecuted on account of his membership in a

particular social group is without merit. The facts alleged by Kurukulasuriya show only that any fear of persecution arose out of Kurukulasuriya's payment of a bribe for the release of his brother, combined with his later failure to produce his brother or continue to pay bribes. Kurukulasuriya has not alleged any facts that would lead a court to believe that he was persecuted on account of his family relationship to his brother.

Finally, Kurukulasuriya contends that the BIA erred by dismissing his appeal of his claim for protection under CAT. The BIA concluded that Kurukulasuriya did not make any meaningful arguments on appeal or on remand in support of his CAT claim. Kurukulasuriya does not assert that he raised his CAT claim on appeal, but contends instead that the BIA's review of his CAT claim was outside the scope of remand. As stated above, the remand order previously issued by this court was not limited in scope. Accordingly, the BIA properly addressed and dismissed Kurukulasuriya's application for protection under CAT.

**III.**

For the reasons set forth, we will deny the petition for review.